**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000034
26-MAY-2015
08:56 AM**

NO. CAAP-15-0000034

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARK H.K. GREER, Plaintiff-Appellee,
v.
ROSALYN H. BAKER, Defendant-Appellant,
and
STATE OF HAWAI'I, Defendant-Appellee,
and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2004-09)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley and Fujise, JJ.,
with Leonard, J. dissenting)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal that Defendant-Appellant Rosalyn H. Baker (Appellant Baker) has asserted from the Honorable Rhonda A. Nishimura's December 24, 2014 interlocutory order granting in part and denying in part Appellant Baker's motion to dismiss Plaintiff-Appellee Mark H.K. Greer's (Appellee Greer) complaint in Civil No. 14-1-2004-09 (the December 24, 2014 interlocutory order), because the circuit court has not yet reduced its dispositive rulings in the December 24, 2014

interlocutory order to a separate judgment document, as Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2014) requires for an appeal from a civil circuit court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Appellant Baker asserts that the December 24, 2014 interlocutory order is an appealable final order to the extent that it denies Appellant Baker's defense of legislative immunity based on a past holding in Abercrombie v. McClung, 54 Haw. 376, 507 P.2d 719 (1973). In Abercrombie v. McClung, a plaintiff sued a state senator for slander. The state senator filed a motion for summary judgment based on legislative immunity, and the circuit court entered an order denying the state senator's motion for summary judgment based on legislative immunity. The state senator appealed from the order denying summary judgment to the Supreme Court of Hawai'i. When the plaintiff moved Supreme Court of Hawai'i to dismiss the appeal for lack of appellate jurisdiction, the Supreme Court of Hawai'i denied the motion to dismiss and held, without referring to any specific statutory authority, that the circuit court's order denying the state senator's motion for summary judgment based on legislative immunity was an appealable final order:

> The appellee in his motion to dismiss appeal contends that trial court's denial of motion for summary judgment is interlocutory and that the appellant failed to seek and obtain the consent of the trial court in pursuing the instant appeal.
> It is well established that under usual circumstances a denial of a motion for summary judgment would be interlocutory; however, it does not necessarily mean that denial of the motion for summary judgment in this case is therefore interlocutory. This court has repeatedly stated that a final decision for the purpose of appeal is not necessarily the last decision in the case, and that the

> nature and effect of the decision rather than the stage at
> which it is rendered is the true test.

Abercrombie v. McClung, 54 Haw. 376, 380, 507 P.2d 719, 721

(1973) (citations and internal quotation marks omitted; emphasis

added).

> Here, the trial court's denial of the motion for
> summary judgment is final as to appellant's right to raise
> the issue whether the trial court lacked jurisdiction to try
> him for statements made by him as a member or our
> legislature, in the light of our constitutional provision
> reading no member of the legislature shall be held to answer
> before any other tribunal.
> We are mindful that causes should not be tried in
> piecemeal fashion but where the question presented is a
> question of the magnitude as herein, it is ridiculous to
> resolve the question of law as to whether the appellant can
> be held answerable before any other tribunal after he has
> been subjected to trial. In the vernacular, it is placing
> the cart before the horse. Considerable amount of time,
> effort and money could very well be expended in a futile
> ride on a legal merry-go-round. In seeking a just and
> expeditious resolve and to meet the need of sparing the
> litigants unnecessary expenditure of time, effort and money,
> we conclude that the trial court's order denying appellant's
> motion for summary judgment is an appealable final order.

Id. at 381, 507 P.2d at 722 (internal quotation marks omitted;

emphases added).

It is noteworthy, however, that the Abercrombie v.

McClung did not cite a any statutory authority in support of its

holding regarding appellate jurisdiction, despite that under

article III, section 1, and article IV, section 1, of the Hawai'i

Constitution, "the legislature has the power to establish the

subject matter jurisdiction of our state court system." Sherman

v. Sawyer, 63 Haw. 55, 57, 621 P.2d 346, 348 (1980) (emphasis

added); accord Tax Appeal of County of Maui v. KM Hawaii, Inc.,

81 Hawai'i 248, 254, 915 P.2d 1349, 1355 (1996). In light of

this omission in Abercrombie v. McClung, one might infer that the

Abercrombie v. McClung court was invoking the Supreme Court of

Hawaii's exclusive supervisory power over all inferior courts

under HRS § 602-4 (1993),[1] or the Supreme Court of Hawaii's exclusive jurisdiction over certain enumerated appellate proceedings under HRS § 602-5 (Supp. 2014).[2] Neither of these

---

[1] Hawaii Revised Statutes (HRS) § 602-4 (1993) provides:

§ 602-4 Superintendence of inferior courts. The supreme court shall have the general superintendence of all courts of inferior jurisdiction to prevent and correct errors and abuses therein where no other remedy is expressly provided by law.

(Emphasis added); see, e.g., State v. Harrison, 95 Hawai'i 28, 30, 18 P.3d 890, 892 (2001) (in which the Supreme Court of Hawai'i assumed jurisdiction over an attorney's untimely post-judgment motion for court-appointed attorney's fees by invoking its exclusive supervisory powers under HRS § 602-4 (1993)). HRS § 602-4 refers only to the Supreme Court of Hawai'i, and, consequently, the Supreme Court of Hawai'i has reiterated that "HRS § 602-4 . . . applies only to this court[.]" Korean Dae Won Sa Temple of Hawai'i v. Concerned Citizens, 107 Hawai'i 371, 382 n.8, 114 P.3d 113, 124 n.8 (2005). No other court has supervisory power under HRS § 602-4.

[2] HRS § 602-5 (Supp. 2014) provides:

§ 602-5 Jurisdiction and powers; filing.

(a) The supreme court shall have jurisdiction and powers as follows:

(1) To hear and determine all questions of law, or of mixed law and fact, which are properly brought before it by application for a writ of certiorari to the intermediate appellate court or by transfer as provided in this chapter;

(2) To answer, in its discretion, any question of law reserved by a circuit court, the land court, or the tax appeal court, or any question or proposition of law certified to it by a federal district or appellate court if the supreme court shall so provide by rule;

(3) To exercise original jurisdiction in all questions arising under writs directed to courts of inferior jurisdiction and returnable before the supreme court, or if the supreme court consents to receive the case arising under writs of mandamus directed to public officers to compel them to fulfill the duties of their offices; and such other original jurisdiction as may be expressly conferred by law;

(4) To issue writs of habeas corpus, or orders to show cause as provided by chapter 660, returnable before the supreme court or a circuit court, and any justice may issue writs of habeas corpus or such orders to show cause, returnable as above stated;

(5) To make or issue any order or writ necessary or appropriate in aid of its jurisdiction, and in such case, any justice may issue a writ or an order to show cause returnable before the supreme court; and

(continued...)

statutes confers appellate jurisdiction upon the Hawai'i Intermediate Court of Appeals.

However, if one infers that the <u>Abercrombie v. McClung</u> court assumed appellate jurisdiction by invoking appellate jurisdiction pursuant to HRS § 641-1(a), which does confer appellate jurisdiction upon the Hawai'i Intermediate Court of Appeals, then one must also acknowledge that the law governing appeals under HRS § 641-1(a) has changed significantly since the year 1973, when the <u>Abercrombie v. McClung</u> court issued its holding. The Supreme Court of Hawai'i has subsequently noted that "the circuit courts are now governed by the Hawai'i Rules of Civil Procedure." <u>Wong v. Wong</u>, 79 Hawai'i 26, 29, 897 P.2d 953, 956 (1995). The Hawai'i Rules of Civil Procedure are particularly relevant to HRS § 641-1, which expressly provides that appeals from appealable final judgments, orders or decrees of the circuit courts under HRS § 641-1(a) "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). In other words, HRS § 641-1(c) expressly authorizes the Supreme Court of Hawai'i to promulgate rules that dictate the manner in which a party may appeal pursuant to HRS § 641-1(a). In 1990,

---

[2](...continued)

  (6)  To make and award such judgments, decrees, orders and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to it by law or for the promotion of justice in matters pending before it.

  (b) All cases addressed to the jurisdiction of the supreme court or of the intermediate appellate court shall be filed with the clerk of the supreme court as provided by the rules of court. The clerk shall maintain the record of each case whether addressed to the jurisdiction of the supreme court or the jurisdiction of the intermediate appellate court.

(Emphases added).

seventeen years after the 1973 holding in Abercrombie v. McClung, the Supreme Court of Hawai'i changed the manner in which a party may appeal from a circuit court civil case under HRS § 641-1(a) by amending HRCP Rule 58 with the so-called "separate document" rule that expressly requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. In 1994, the Supreme Court of Hawai'i provided its interpretation of the new separate document rule under HRCP Rule 58, explaining that "[t]he separate document provision was added to HRCP [Rule] 58 by order of this court on July 26, 1990[,] and has been generally ignored by practitioners and circuit courts alike." Jenkins, 76 Hawai'i 115, 118, 869 P.2d 1334, 1337 (1994). Based on the new language in HRCP Rule 58 requiring the entry of a judgment as a separate document, the Jenkins court announced a new holding, namely that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. As the Supreme Court of Hawai'i further clarified, "based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). The Supreme Court of Hawai'i explained that, in light of the fact that the separate document requirement was a significant departure from past requirements for perfecting a party's right to appeal from civil circuit court cases under HRS § 641-1(a), the Supreme Court of Hawai'i would

enforce strict compliance with this <u>new</u> separate document requirement under HRCP Rule 58 only with respect to notices of appeals that parties filed <u>after</u> March 31, 1994:

> <u>These holdings are intended to establish bright line rules so there will be little doubt in most cases about when an appeal may be taken</u>. We realize that rigid enforcement of HRCP [Rule] 58 and application of our holdings in this opinion to cases currently pending before this court and the Intermediate Court of Appeals would work an unnecessary hardship on those who have relied upon our prior case law. We will not rigidly apply the [HRCP] Rule 58 requirement of a separate judgment or our holdings in this opinion to appeals currently pending. However, <u>for all appeals from circuit courts filed after March 31, 1994, we will enforce strict compliance with the separate document requirement of HRCP [Rule] 58. Thus, after March 31, 1994[,] an appeal from an order that purports to be a final order as to all claims and parties in civil cases may be taken only after the order has been reduced to a judgment in favor of or against the parties</u>. If claims are resolved by a series of orders, a final judgment upon all the claims must be entered. The "judgment shall not contain a recital of the pleadings," HRCP [Rule] 54(a), but it must, on its face, show finality as to all claims against all parties. <u>An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed</u>. If a judgment purports to be certified under HRCP [Rule] 54(b), the necessary finding of no just reason for delay . . . must be included in the judgment.

<u>Jenkins</u>, 76 Hawai'i at 119-20, 869 P.2d at 1338-39 (some citation and all footnotes omitted; emphases added). Therefore, the holding in <u>Jenkins</u> implicitly overruled numerous prior opinions that had directly or indirectly refrained from rigidly applying the separate document requirement to appeals from circuit court civil cases under HRS § 641-1(a). To the extent, if any, that one infers the <u>Abercrombie v. McClung</u> court assumed appellate jurisdiction pursuant to HRS § 641-1(a), it appears that the subsequent holding in <u>Jenkins</u> has overruled <u>Abercrombie v. McClung</u>.

Under the holding in <u>Jenkins</u>, absent an appealable final judgment, HRS § 641-1(a) does not entitle Appellant Baker to appellate review of the December 24, 2014 interlocutory order.

The December 24, 2014 interlocutory order would qualify as an appealable final order only under an exception to the separate document rule under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, or HRS § 641-1(b) (1993 & Supp. 2014). However, the December 24, 2014 interlocutory order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); see also Brown v. Wong, 71 Haw. 519, 523, 795 P.2d 283, 285 (1990) ("We hold that a pre-trial order denying a motion to dismiss or for judgment on the pleadings or for summary judgment, on the basis of sovereign immunity, is not a collateral order, final in nature, and appealable in actions brought against the State under HRS Chapters 661 and 662. Accordingly, we dismiss the appeal."); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). In fact, we note that on January 13, 2015, the circuit court clerk announced in court minutes that the circuit court would deny Appellant Baker's January 5, 2015 motion for leave to assert an interlocutory appeal from the December 24, 2014 interlocutory order pursuant to HRS § 641-1(b), which, in turn, expressly provides that "[t]he refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court."

-8-

Absent the entry of an appealable final judgment, Appellant Baker's appeal from the December 24, 2014 interlocutory order is a premature disruption in an ongoing circuit court case, and we lack appellate jurisdiction under HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000034 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-15-0000034 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 26, 2015.

Presiding Judge

Associate Judge

DISSENT BY LEONARD, J.

I respectfully dissent from the court's order *sua sponte* dismissing the appeal filed by Defendant-Appellant Rosalyn H. Baker (**Baker**) based on a lack of appellate jurisdiction. The Hawai'i Supreme Court's holding in <u>Abercrombie v. McClung</u>, 54 Haw. 376, 381, 507 P.2d 719, 722 (1973), appears to be on point and binding on this court, and allows an interlocutory appeal by a member of the Hawai'i Legislature to preserve the protection from suit granted by the Hawai'i Constitution to Hawai'i legislators. Accordingly, I would allow Baker's appeal to proceed.